ROSEHILL CEMETERY ASSOCIATION, PROSECUTOR, v.
CITY OF LINDEN ET AL., RESPONDENTS.

Submitted January 27, 1928—Decided May 2, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Reed & Reynolds.*

For the respondents, *Whittemore & McLean.*

PER CURIAM.

This case is on *certiorari.* The writ brings up for review an assessment for benefits against lands of the Rosehill Cemetery Association, the prosecutor, in the city of Linden, in the county of Union, made under an ordinance of the board of commissioners of the city of Linden for the laying of sidewalks on the easterly side of Edgar road. The prosecutor is a corporation organized under the act entitled "An act to authorize the incorporation of rural cemetery associations and regulate cemeteries." 1 *Comp. Stat., p.* 372. The sidewalks were laid in front of a part of the cemetery. The assessment was made under the provisions of article 25, chapter 152, of the laws of 1917.

The prosecutor claims an exemption from assessments under section 8 of the Cemetery act. This section provides: "That the cemetery lands and property of any association formed pursuant to this act * * * shall be exempt from

all public taxes, rates and assessments." This exemption has been before our courts and was recently passed upon by this court and later by the Court of Errors and Appeals in the case of *Irvington* v. *Independent New Jersey Verein,* 3 *N. J. Mis. R.* 102. The Independent New Jersey Verein was· a cemetery corporation organized under the act mentioned. The assessment was a local assessment for paving. It was held by the Circuit Court that the cemetery association was exempt from assessment for local improvements under section 8 of the said Cemetery act. This case controls, we think, the present case unless there can be a distinction drawn between sidewalks and street paving.

This the respondents endeavor to do. For their support of this proposition they rest upon the case of *Agens* v. *Newark,* 37 *N. J. L.* 415, in which the opinion of the Court of Errors and Appeals was rendered by Chief Justice Beasley. We do not think this case supports the respondents' contention. This case held (1) that there was a difference between an assessment for the improvement of a sidewalk and for the improvement of a road bed; (2) that a sidewalk is regarded as an appendage to and part of the premises to which it is attached, and is so essential to the beneficial use of the premises that its improvement may well be regarded as a burden belonging to the ownership of the land, and the order for such improvement as a police regulation, and (3) that an assessment for a street pavement can be made to the extent only of the peculiar benefits to the property assessed. These holdings do not, in our opinion, prevent the legislature from exempting the property of cemetery associations from sidewalk assessments. They have no bearing upon or relevancy to the question herein involved.

The respondents, to sustain the assessment, also reply upon the fact that article 25 of the Home Rule act deals exclusively with sidewalks. It gives municipalities the right to pass ordinances regulating and providing for the construction of sidewalks at the cost and expense of the owner or owners of the land in front of which the said improvement shall be made. Article 25 does not, however, expressly repeal section

8 of the Cemetery act. To support their contention the respondents must rely upon an implied repealer. Implied repealers are not favored. *Hotel Registry Realty Corp.* v. *Stafford,* 70 *N. J. L.* 528. The new law must be inconsistent with the old law to impliedly repeal it. There is no inconsistency between article 25 and section 8 of the Cemetery act. The latter act is upon a subject not embraced in article 25 of the Home Rule act. Both acts can stand together. We consider section 8 of the Cemetery act in no way affected by article 25 of the Home Rule act.

The respondents finally argue that the assessment should be sustained because the cemetery association only owned a one-half interest in the property abutting on Edgar road upon which the sidewalk was laid. The deed was made by Harry Ernest to the prosecutor. While it conveys only a one-half interest in the property to the prosecutor it gives to the prosecutor a power of sale of the remaining half interest on condition that fifty per cent. of the sale price be turned over to Harry Ernest, or his assigns. This is merely, in our opinion, a method of securing payment and amounts to nothing more than if the entire property had been deeded and a purchase-money mortgage given by the grantee containing a provision as to the release of lots when sold. There were, of course, obstacles to such a method in property to be used for cemetery purposes. We do not see that the form of the deed alters the situation as to the exemption.

In view of the broadness of the exemption from assessments upon cemetery property given by the construction of section 8 of the Cemetery act in the cases of *Irvington* v. *Independent New Jersey Verein, supra,* and *Newark* v. *Mt. Pleasant Cemetery,* 58 *N. J. L.* 168, we are of the opinion that the assessment should be set aside.

The assessment is accordingly set aside.